IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BENJAMIN PEAK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11-3151-SSA-CV-S-MJW |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Benjamin Peak seeks judicial review,[1] of a final administrative decision denying him disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on January 17, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

whether existing evidence is substantial, we consider evidence that detracts from
the Commissioner's decision as well as evidence that supports it. As long as
substantial evidence in the record supports the Commissioner's decision, we may
not reverse it because substantial evidence exists in the record that would have
supported a contrary outcome or because we would have decided the case
differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Here, the Administrative Law Judge (ALJ) found that plaintiff suffered from the severe impairment of "history of left knee surgery." (Tr. at 15.) The ALJ found that this impairment did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step 5, the ALJ determined plaintiff has the residual functional capacity (RFC) to perform the full range of sedentary work. Because plaintiff's past relevant work was not sedentary work, the ALJ determined plaintiff could not perform his past relevant work, but could perform sedentary jobs that exist in significant numbers in the national economy. The ALJ, therefore, determined that plaintiff has not been under a disability, as defined in the Social Security Act, from October 15, 2006, through the date of the ALJ's decision of March 9, 2010.

Plaintiff argues the ALJ erred in (1) failing to give proper weight to the opinion of plaintiff's treating physician, Thomas Kelso, M.D.; (2) giving improper weight to the opinion of a nonmedical government employee (known as a single decision-maker); (3) in discrediting plaintiff's credibility; and (4) improperly determining plaintiff's RFC and ability to work a sedentary exertional level.  The Commissioner argues the ALJ properly considered the record as a whole in determining the weight given to the opinion of Dr. Kelso, and gave valid reasons for finding plaintiff's subjective complaints of pain and work limitations not fully credible.  The Commissioner further argues no weight was given to the opinion of the nonmedical government single decision-maker; rather, the ALJ was merely acknowledging his decision was similar as that reached by the single decision-maker.  The Commissioner argues there is substantial evidence in the record to support the RFC determination of the ALJ and the ALJ's resulting decision finding plaintiff could do sedentary work and, therefore, is not disabled.

Upon review, this court finds there is substantial evidence in the record to support the decision of the ALJ.

The ALJ did not err in the weight given to the medical opinion of Dr. Kelso.  Although a treating physician's opinion is generally entitled to substantial weight, it does not automatically control in the face of other credible evidence on the record that detracts from that opinion.  Heino v. Astrue, 578 F.3d 873, 880 (8th Cir. 2009).  An ALJ is entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record.  See Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007).  Here, the ALJ properly discussed the reasons for the weight given to the medical opinion of Dr. Kelso.  See Shontos v. Barnhart, 328 F.3d 418, 426 (8th Cir. 2003) (discussing factors in considering amount of weight given to a medical opinion).  The ALJ points out that Dr. Kelso's opinion was a one-time opinion made in support of plaintiff's application for a Disabled Person's License Plate/Placard.  The ALJ notes that the opinion was made only a few weeks after plaintiff's knee surgery.  The evidence shows that subsequent to plaintiff's knee surgery, he did very well in physical therapy and was able to complete his exercises with little difficulty.  The records indicate plaintiff frequently missed physical therapy appointments, and that he eventually discontinued attending, stating he found the exercises easy and was getting a good amount of exercise for his leg at home chasing his two-

3

year-old daughter around the house. The ALJ also pointed to the medical records indicating that in 2009, plaintiff reported having little pain and reported on several occasions that his pain was at a level 1 or 2 on a scale of 0 to 10. The ALJ also noted medical notes indicating plaintiff continued to improve with his knee extensions and range of motion. As of June 2009, the records indicate plaintiff was using his cane sparingly, if at all, and was weight bearing well throughout his gait. There is substantial evidence in the record to support the ALJ's decision to discount Dr. Kelso's opinion that plaintiff was permanently disabled.

The ALJ's reference to the findings of the single decision-maker is not reversible error. Although the ALJ does state in his opinion that he gives some weight to the opinion of the single decision-maker, the context of the paragraph clearly shows the ALJ was aware this was a nonmedical opinion and he was not relying on it. Any deficiency in the ALJ's opinion writing did not affect the outcome of this case, and therefore, is not reversible error. Pfitzner v. Apfel, 169 F.3d 566, 569 (8th Cir. 1999).

The ALJ did not err in discrediting plaintiff's credibility as to pain and limitations. The ALJ's credibility findings were based on valid reasons. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Here, the ALJ properly considered the inconsistencies between plaintiff's subjective allegations of disabling pain and the record as a whole. The record included (1) a poor work history; (2) medical records inconsistent with plaintiff's complaints of disabling pain and extreme limitations in mobility; (3) use of only topical ointments and over-the-counter Tylenol for pain relief, (4) daily activities, including exercise and caring for his two-year-old daughter, and (5) evidence of plaintiff working as a painter subsequent to his alleged onset of disability, all of which are inconsistent with plaintiff's alleged inability to do even sedentary work. There is substantial evidence in the record to support the ALJ's finding that plaintiff's complaints of disabling knee pain and severe limitations in mobility were not fully credible.

The ALJ did not err in determining plaintiff's RFC and ability to do sedentary work without restriction. The ALJ properly considered the record as a whole in determining that while plaintiff could not do his previous work, he could perform sedentary work without restriction. See Pearsall v. Massanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001). Plaintiff's argument that the

4

record did not contain ample medical evidence to support the RFC and that the ALJ was merely relying on his own inferences from the medical evidence is without merit. The ALJ properly discussed at length the medical records in the case. The ALJ's finding that there was a lack of medical evidence to support Dr. Kelso's one-time opinion that plaintiff was disabled for purposes of him obtaining a handicap license plate/placard for a period of ninety days does not equate to underdevelopment of the record. The ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions of any of plaintiff's physicians. Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011). Here, the ALJ properly considered the medical records as a whole, and was not required to order an additional consultative examination merely because the medical evidence does not support plaintiff's allegations of disability. See Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995) (ALJ is required to order medical examinations and tests only if the medical records presented do not provide sufficient medical evidence to determine whether the claimant is disabled). There is sufficient medical evidence in the record to support the ALJ's RFC determination that plaintiff could perform sedentary work.

The ALJ did not err in determining that plaintiff could perform sedentary work in the national economy. Where the ALJ determines that a claimant does not have nonexertional impairments, the ALJ may properly rely on the vocational guidelines (Grids), as opposed to requiring vocational expert testimony. 20 C.F.R. §§ 404.1569 and 416.969. See also Reynolds v. Chater, 82 F.3d 254, 258-59 (8th Cir. 1996). Here, plaintiff proved the existence of only exertional limitations, and therefore, the ALJ properly considered plaintiff's age, education, and work experience in conjunction with the Grids at 20 C.F.R. Part 404, Subpart P, Appendix 2, in determining that plaintiff could perform sedentary work that exists in significant numbers in the national economy.

## Conclusion

The ALJ's decision is supported by substantial evidence in the record as a whole. The ALJ properly determined that plaintiff had not been disabled as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is closed.

Dated this 25th day of January, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge

6

Case 6:11-cv-03151-MJW   Document 12   Filed 01/25/12   Page 6 of 6